**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MANUEL ABT, derivatively on behalf of WALMART INC., | |
| Plaintiff, | Case No. 21-cv-00172-CFC |
| v. | |
| AIDA M. ALVAREZ, JAMES BREYER, M. MICHELE BURNS, JAMES I. CASH, JR., CESAR CONDE, ROGER C. CORBETT, PAMELA J. CRAIG, DOUGLAS N. DAFT, MICHAEL T. DUKE, STEPHEN J. EASTERBROOK, TIMOTHY P. FLYNN, SARAH J. FRIAR, CARLA A. HARRIS, THOMAS W. HORTON, MARISSA A. MAYER, C. DOUGLAS McMILLON, GREGORY B. PENNER, STEVEN S. REINEMUND, H. LEE SCOTT, ARNE M. SORENSON, KEVIN Y. SYSTROM, JIM C. WALTON, S. ROBSON WALTON, STEUART L. WALTON, CHRISTOPHER J. WILLIAMS and LINDA WOLF, | |
| Defendants, | |
| -and- | |
| WALMART INC., | |
| Nominal Defendant. | |

**STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS**

Plaintiff Manuel Abt ("Plaintiff") and Defendants Aida M. Alvarez, James Breyer, M.

Michelle Burns, James I. Cash, Jr., Cesar Conde, Roger C. Corbett, Pamela J. Craig, Douglas N.

Daft, Michael T. Duke, Stephen J. Easterbrook, Timothy P. Flynn, Sarah J. Friar, Carla A. Harris,

Thomas W. Horton, Marissa A. Mayer, C. Douglas McMillon, Gregory B. Penner, Steven S.

Reinemund, H. Lee Scott, Arne M. Sorenson, Kevin Y. Systrom, Jim C. Walton, S. Robson

Walton, Steuart L. Walton, Christopher J. Williams, and Linda Wolf and Nominal Defendant Walmart Inc. (collectively, "Defendants," and with Plaintiff, the "Parties"), hereby jointly stipulate and agree as follows:

WHEREAS, on or about April 9, 2020, Plaintiff issued a demand for inspection of books and records pursuant to 8 *Del. C.* § 220, which was received by Walmart Inc. ("Walmart" or the "Company");

WHEREAS, on February 9, 2021, Plaintiff filed a verified stockholder derivative complaint in the above-captioned lawsuit against Defendants relating to the Company's distribution and/or dispensing of opioids, which cites and relies upon the Company's production of books and records in response to Plaintiff's inspection demand under  8 *Del. C.* § 220 (the "Action");

WHEREAS, a derivative action captioned *Ontario Provincial Council of Carpenters' Pension Trust Fund, et al. v. Walton, et al.*, Case No. 2021-0827-JTL, against Walmart directors and current and former Walmart officers related to its distribution and/or dispensing of opioids was filed on or about September 30, 2021 and is currently pending in the Delaware Court of Chancery (the "Chancery Court Action"), and names as defendants a number of the Defendants in this Action;

WHEREAS, the plaintiffs in the Chancery Court Action also issued demands for inspection of books and records pursuant to 8 *Del. C.* § 220 to the Company, and filed a books and records action, and the complaint in the Chancery Court Action cites to and relies upon the Company's books and records that were produced following trial in the Chancery Court books and records action in alleging state law claims against current Walmart directors and current and former Walmart officers;

WHEREAS, the Action and the Chancery Court Action arise from some of the same alleged acts and occurrences and involve certain common issues of law and fact;

WHEREAS, the parties in the Chancery Court Action have agreed upon and the Court of Chancery has entered a briefing schedule for the motion to dismiss in the Chancery Court Action;

WHEREAS, Plaintiff and Defendants have met and conferred and have agreed that a stay of this Action will promote efficiency, conserve judicial resources, and avoid the risk of potentially inconsistent judgments;

WHEREAS, the Parties have agreed to stay the Action pending resolution of the Chancery Court Action;[1]

WHEREAS, this stipulation is without prejudice to any Party's or non-Party's right to argue that a stay of the Chancery Court Action should or should not be entered;

**IT IS SO STIPULATED AND AGREED** that, subject to the Court's approval, this Action is stayed pending the resolution of the Chancery Court Action.  Plaintiff and Defendants, by entering into this stipulation to stay the Action, do not waive and expressly preserve all rights, objections, claims, and defenses relating to the claims asserted in the Action, including as to venue.

---

[1] Defendants have been informed that Plaintiff has agreed to assist in the prosecution of the claims in the Chancery Court Action.

Dated: December 1, 2021

**BIELLI & KLAUDER, LLC**

*/s/ Ryan M. Ernst*
Ryan M. Ernst (No. 4788)
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, Delaware
19801
(302) 803-4600
rernst@bk-legal.com
dklauder@bk-legal.com

**LEVI & KORSINSKY, LLP**
Gregory Mark Nespole
Daniel Tepper
Correy A. Kamin
Ryan Messina
55 Broadway, 10th Floor
New York, New York 10006 (212)
363-7500
gnespole@zlk.com
dtepper@zlk.com
rmessina@zlk.com

*Counsel for Plaintiff*

**RICHARDS, LAYTON & FINGER, P.A.**
*/s/ Raymond J. DiCamillo*
Robert W. Whetzel (#2288)
Raymond J. DiCamillo (#3188)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:   whetzel@rlf.com
           dicamillo@rlf.com

*Counsel for Defendants*

4

IT IS SO ORDERED this _____ day of _____, 2021.


_____

UNITED STATES DISTRICT JUDGE