IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MANUEL ABT, derivatively on behalf of WALMART INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>AIDA M. ALVAREZ, JAMES BREYER, M. MICHELE BURNS, JAMES I. CASH, JR., CESAR CONDE, ROGER C. CORBETT, PAMELA J. CRAIG, DOUGLAS N. DAFT, MICHAEL T. DUKE, STEPHEN J. EASTERBROOK, TIMOTHY P. FLYNN, SARAH J. FRIAR, CARLA A. HARRIS, THOMAS W. HORTON, MARISSA A. MAYER, C. DOUGLAS McMILLON, GREGORY B. PENNER, STEVEN S. REINEMUND, H. LEE SCOTT, ARNE M. SORENSON, KEVIN Y. SYSTROM, JIM C. WALTON, S. ROBSON WALTON, STEUART L. WALTON, CHRISTOPHER J. WILLIAMS and LINDA WOLF,<br><br>        Defendants,<br><br>  -and-<br><br>WALMART INC.,<br><br>        Nominal Defendant. | Case No. 21-cv-00172-CFC |

## STIPULATION AND [PROPOSED] ORDER DISMISSING ACTION WITH PREJUDICE

Plaintiff Manuel Abt ("Plaintiff") and Defendants Aida M. Alvarez, James Breyer, M. Michelle Burns, James I. Cash, Jr., Cesar Conde, Roger C. Corbett, Pamela J. Craig, Douglas N. Daft, Michael T. Duke, Stephen J. Easterbrook, Timothy P. Flynn, Sarah J. Friar, Carla A. Harris, Thomas W. Horton, Marissa A. Mayer, C. Douglas McMillon, Gregory B. Penner, Steven S. Reinemund, H. Lee Scott, Arne M. Sorenson, Kevin Y. Systrom, Jim C. Walton, S. Robson Walton, Steuart L. Walton, Christopher J. Williams, and Linda Wolf and Nominal Defendant Walmart Inc. (collectively, "Defendants," and with Plaintiff, the "Parties"), hereby jointly stipulate and agree as follows:

WHEREAS, on or about April 9, 2020, Plaintiff sent a demand for inspection of books and records to Walmart pursuant to 8 *Del. C.* § 220;

WHEREAS, Walmart produced over 12,000 pages in response to Plaintiff's books-and-records inspection demand;

WHEREAS, on February 9, 2021, Plaintiff filed a verified stockholder derivative complaint in the above-captioned action against Defendants (the "Action");

WHEREAS, other Walmart stockholders sent books-and-records inspection demands pursuant to 8 *Del. C.* § 220 and filed a putative derivative lawsuit in the Delaware Court of Chancery, captioned *Ontario Provincial Council of Carpenters' Pension Trust Fund, et al. v. Walton, et al.*, Case No. 2021-0827-JTL (the "Court of Chancery Action");

WHEREAS, the claims and allegations in the Court of Chancery Action overlap with Plaintiff's claims and allegations in this Action;

WHEREAS, on December 1, 2021, the Court entered an order staying the Action pending the resolution of the Court of Chancery Action;

WHEREAS, on or about October 13, 2024, the parties to the Court of Chancery Action reached a settlement that resolved the claims in the Court of Chancery Action and, among other things, released the claims in this Action (the "Settlement")[1];

WHEREAS, on December 20, 2024, the Delaware Court of Chancery approved the Settlement pursuant to Court of Chancery Rule 23.1;

WHEREAS, as part of approving the Settlement, including its releases, the Delaware Court of Chancery determined that notice of the Settlement to Walmart stockholders was adequate and sufficient and that stockholders had a reasonable opportunity to object to the Settlement[2];

WHEREAS, the notice to stockholders included: (1) Walmart furnishing a copy of the stipulation and notice of Settlement as exhibits to a Form 8-K with the United States Securities and Exchange Commission; (2) Walmart posting the Form 8-K (which furnished the stipulation and notice of Settlement as exhibits) to the investor relations section of Walmart's website; (3) Walmart causing the summary notice of Settlement to be published over the Business Wire; (4) Walmart mailing the notice of Settlement to its stockholders of record; and (5) plaintiffs' counsel in the Court of Chancery Action posting the stipulation and notice of Settlement on their respective websites;

**IT IS SO STIPULATED AND AGREED**, by and among the Parties, subject to the Court's approval, as follows:

1. All claims asserted in the Action are DISMISSED WITH PREJUDICE.

2. Pursuant to Federal Rule of Civil Procedure 23.1(c), no notice of the dismissal is

---

[1] A true and correct copy of the Stipulation and Agreement of Settlement, Compromise, and Release is attached hereto as Exhibit 1.

[2] A true and correct copy of the Court of Chancery's order approving the Settlement ("Judgment") is attached hereto as Exhibit 2. The Court of Chancery determined that there were no valid objections to the Settlement.

required because Walmart stockholders received adequate and sufficient notice of the Settlement in the Court of Chancery Action.

Dated: January 13, 2025

**BIELLI & KLAUDER, LLC**

*/s/   Ryan M. Ernst*
Ryan M. Ernst (No. 4788)
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, Delaware 19801
(302) 803-4600
rernst@bk-legal.com
dklauder@bk-legal.com

**LEVI & KORSINSKY, LLP**

Gregory Mark Nespole
Daniel Tepper
Correy A. Kamin
33 Whitehall Street, 17th Floor
New York, New York 10004
 (212) 363-7500
gnespole@zlk.com
dtepper@zlk.com

*Counsel for Plaintiff*

**RICHARDS, LAYTON & FINGER, P.A.**
*/s/   Raymond J. DiCamillo*
Robert W. Whetzel (#2288)
Raymond J. DiCamillo (#3188)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:   whetzel@rlf.com
            dicamillo@rlf.com

*Counsel for Defendants*

IT IS SO ORDERED this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE